IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA WILSON and<br>LORENZO M. WILSON,<br><br>    Plaintiffs,<br><br>v.<br><br>SHEREE JOHNSON, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIV. ACT. NO. 2:23-cv-354-TFM-N<br>)<br>)<br>)<br>) |

## **ORDER**

On September 18, 2023, *pro se* Plaintiffs filed their original complaint. *See* Doc. 1. On October 10, 2023, Defendant Ryan filed a motion to dismiss (Doc. 4), on October 11, 2023, Defendants Johnson and Perry filed their motion to dismiss (Doc. 5), and on October 13, 2023, Defendant Watford filed her motion to dismiss (Doc. 6). On October 18, 2023, the Court entered an order ordering Plaintiffs to respond to the various motions to dismiss on or before November 1, 2023. *See* Doc. 7. In lieu of responding to the motions to dismiss, the Plaintiffs filed an Amended Complaint. *See* Doc. 9.

Fed. R. Civ. P. 15(a)(1) permits amending a complaint as a matter of course within 21 days after service of a motion under Rule 12(b). Given the timing of the motions, the Court cannot find that the amendment is authorized as a matter of course as 21-days expired before the filing. However, the *pro se* plaintiffs did mail the amended complaint by overnight mail on November 1, 2023 which was the deadline to respond to the motions to dismiss. As such, the Court turns to Fed. R. Civ. P. 15(a)(2) which states "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Based on the current posture of the case, the Court construes the "First Amended Complaint" (DOC. 9) as a motion to amend which is **GRANTED** especially as this is plaintiffs' first attempt to amend and it was essentially filed instead of responding to the motion to dismiss and the Court can see how, based on the November 1, 2023 response deadline, the *pro se* plaintiffs thought it would be timely. However, the Court cautions the *pro se* plaintiffs to understand that to be considered timely, they should either mail items in time to be received by the Court by the deadline or to file the documents in person at the courthouse if too late to mail for timely receipt.

As a result, it became the operative complaint and the motions to dismiss (Docs. 4, 5, 6) are **DENIED as moot** with leave to refile any applicable arguments as they may relate to the amended complaint. Defendants shall file their answers or other responsive pleadings in accordance with Fed. R. Civ. P. 15(a)(3) effective from the date of this order.

**DONE** and **ORDERED** this 8th day of November 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE