IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA WILSON and<br>LORENZO WILSON,<br><br>    Plaintiffs,<br><br>v.<br><br>SHEREE JOHNSON, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIV. A. NO. 2:23-354-TFM-MU<br>)<br>)<br>)<br>)  |

**REPORT AND RECOMMENDATION**

On November 2, 2023, Plaintiffs Barbara and Lorenzo Wilson filed a First Amended Complaint, *pro se*, under 42 U.S.C. § 1983 alleging that Defendants violated their First, Fifth, and Fourteenth Amendment rights by discriminating against them because of their race and by conspiring against them. (Doc. 9). In response, Defendant Elizabeth Watford filed a Motion to Dismiss Amended Complaint and Motion to Strike Hearsay Statements. (Doc 10). Defendant John Ryan filed a Motion to Dismiss First Amended Complaint for Failure to State a Claim and for Lack of Jurisdiction. (Doc. 12). Defendants Sheree Johnson and Catrinna Perry filed a joint Motion to Dismiss. (Doc. 15). The three motions to dismiss, together with Plaintiffs' responses and Defendants' replies and supplements (Docs. 17-23), have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72. After full review of all the pleadings, and for the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that Defendants' motions to dismiss be **GRANTED** and that this action be **DISMISSED** with prejudice.

### 1. Background and Factual Allegations

Plaintiffs initiated this action under 42 U.S.C. § 1983 alleging that Defendants violated their First, Fifth, and Fourteenth Amendment rights by discriminating against them because of their race and by conspiring against them. (Doc. 9). Plaintiffs' claims appear to arise from a sale and/or partition of 160 acres of real property in Akron, Hale County, Alabama, that their great grandfather originally purchased. (*Id.*). Plaintiffs allege that their aunt, Defendant Watford, "legally sold her interest in the property to her now deceased brother Andrew Wilson in 2011," and later "generated or caused to be generated [a] false deed." (*Id.* at PageID.95). Title to the land is the subject of at least two judicial proceedings currently pending in the Circuit Court of Hale County, Alabama.[1] *See Wilson v. Watford,* No. 36-CV-2023-000010 (Hale Cnty. Cir. Ct. filed Apr. 13, 2023) (wherein Lorenzo Wilson has raised claims of libel and slander against Watford arising from the dispute over the land)[2] and *Watford v. Wilson*, et al., No. 36-CV-2023-900038 (Hale Cnty. Cir. Ct. filed July 11, 2023) (wherein Watford seeks to quiet title to the land).[3]

Plaintiffs state that "the central lynch-pin of [their] 3 Civil Cases is whether Elizabeth Watford has a legitimate deed or a false deed (the right to petition or not)." (*Id.*

---

[1] The Court may take judicial notice of the AlaCourt case details summarizing the Hale County Circuit Court proceedings, the pleadings, and the court's orders. A court may take judicial notice of another court proceeding for the purpose of recognizing the judicial acts that the orders of the other court represent and the subject matter of the litigation. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (taking judicial notice of records of a plaintiff's criminal history from Georgia state court's online judicial system); *Coney v. Smith*, 738 F.2d 1199, 1199-1200 (11th Cir. 1984). The Court may take these judicially-noticeable records into account without converting Defendants' motion to dismiss into a motion for summary judgment. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276-80 (11th Cir. 1999).
[2] As of March 8, 2024, the last action showing in No. 36-CV-2023-000010 is an affidavit from Lorenzo Wilson filed with the court by Plainitff Wilson.
[3] As of March 8, 2024, No. 36-CV-2023-900 is set for hearing on June 4, 2024 on the Motion for Hearing on the Deed of Natha Wilson filed by Defendant Lorenzo Wilson. A guardian ad litem was appointed by the court for the unknown heirs on February 5, 2024.

at PageID.91-92). Plaintiffs "believe this to be a purely legal question for a Judge to decide and that it is relevant to our Civil Rights complaint," and "assert that this Court has jurisdiction to decide the question of a legitimate deed or not, where the State of Alabama has failed to do so." (*Id*. at PageID.92). Plaintiffs also allege that Defendants Johnson (a Hale County court specialist) and Perry (Hale County Circuit Clerk) violated their civil rights during the ongoing state proceedings concerning the property and that Defendant Johnson conspired with Watford's attorney, Defendant Ryan, to violate their civil rights. (*Id*. at PageID.94-95). Set against this background, Plaintiffs then assert three counts against Defendants.

### A.    Count I

Count I of Plaintiffs' Amended Complaint alleges that the filing fees they encountered in the ongoing state court cases violate their equal protection and due process rights. Specifically, Plaintiffs claim that Defendants Johnson and Perry "waived the majority of the filing fee for Attorney John Ryan based upon his race as a White citizen," in the pending state court case in which Ryan sought to quiet title to the property on Watford's behalf (No. 36-CV-2023-900038). (*Id.* at PageID.98). Plaintiffs maintain that only a judge can waive the filing fees and claim that the waiver "constitute[s] an intentional tort." (*Id.*). Plaintiffs allege that this practice is "evidence of racial disparity" and is "racially discriminatory" against them. (*Id*. at PageID.97-98).

### B.    Count II

Count II alleges a violation of Plaintiffs' First Amendment rights. Here, Plaintiffs allege the "theft and destruction" of a motion filed by Lorenzo Wilson "by Sheree Johnson in order to aid and assist attorney John Ryan and his client Elizabeth Watford in the sell [sic]

of the subject heir property," claiming that a motion that Lorenzo Wilson filed with the Hale County Circuit Court does not appear in the case's "Electronic File" or "Physical file." (*Id*. at PageID.99-100).[4] Plaintiffs also claim that Defendant Johnson "created a false fraudulent motion" on or about August 8, 2023, leading Plaintiffs to allege that the Hale County Clerk has a policy and practice of "destroying motions they don't like and generating fraudulent electronic records for the purpose of aiding attorney John Ryan" in violation of their First Amendment rights to freedom of speech and to petition the courts. (*Id*. at PageID.100).

C.  **Count III**

Finally, Plaintiffs allege that Defendants Johnson and Ryan "entered into an agreement to give John Ryan an absolute advantage" in the civil cases "by elimination of any adversarial process and by using the office of Circuit Clerk to violate the Civil Rights of Twenty Natural Born African American Citizens." (*Id*. at PageID.101). Specifically, Plaintiffs claim that Defendant Johnson "allow[ed] Ryan to conduct illegal service of process, by using regular mail." (*Id*.). Further, Johnson allegedly "use[d] her position as a public official to falsify Public Records and destroy Public Record[s] to give the appearance of legal service to twenty (20) Natural Born African-American Citizens in violation of Ala. Code § 13A-10-12(a)," a criminal statute, and is allegedly "being financially compensated by John Ryan" in the sale of the property. (*Id*. at PageID.102-103). Plaintiffs appear to attribute supervisory liability to Defendant Perry "for her failure to train and to supervise Sheree Johnson" and claim that Perry has "engaged in

---

[4] However, the Court notes that the motion (captioned "RESPONDENT'S FIRST TRAVERSE-JUDICIAL ESTOPPEL, LACK OF SUBJECT MATTER AND PERSONAL JURISDICTION AND LACK OF STANDING") is accessible on AlaCourt as document 5 in the record of *Watford v. Wilson, et al.*, No. 36-CV-2023-900038 in the Hale County Circuit Court.

malfeasance and nonfeasance with respect to her duties as [the Hale County Circuit] Clerk." (*Id*. at PageID.94-95).

For relief from their alleged injuries, Plaintiffs seek $1.6 million in compensatory damages from each of Defendants Johnson and Perry in their official capacities and in their individual capacities. (*Id.* at PageID.105-106). Plaintiffs seek $160,000 in compensatory damages from each of Defendants Ryan and Watford. (*Id.* at PageID.106). Plaintiffs also seek "punitive and exemplary damages in the maximum allowed by law against each named defendant individually based upon evidence at trial. (*Id.*).

### 2.  Standard of Review

To state a claim for relief, Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  A complaint is also "subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the

cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

In determining whether a claim is stated, the court "must accept the factual allegations in a complaint as true and construe them in the light most favorable to the plaintiff." *Almanza v. United Airlines, Inc.,* 851 F.3d 1060, 1066 (11th Cir. 2017). "However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Airlines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). While the court must usually limit its review and consideration on motion to dismiss to the complaint itself and exhibits attached thereto, a "court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC,* 600 F.3d 1334, 1337 (11th Cir. 2010).

### 3. Legal Analysis

The Court finds that Plaintiffs' claims are barred by the *Younger* abstention doctrine because their claims are the subject of ongoing state judicial proceedings in the Hale County Circuit Court related to the property at issue.[5] The *Younger* abstention doctrine generally forbids federal courts from granting relief that interferes with pending state court proceedings except under special circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971). "Although *Younger* concerned state criminal proceedings, its principles are fully applicable to noncriminal judicial proceedings when important state interests are involved." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982))

---

[5] As a result of this finding, the Court forgoes an analysis of the immunity claims advanced by Defendants Johnson and Perry.

(quotation marks omitted). The Supreme Court has extended the doctrine "to apply to pending state civil proceedings that . . . implicate a State's interest in enforcing the orders and judgments of its courts." *Shepherd v. U.S. Bank, Nat'l Ass'n As Tr. for Structured Asset Inv. Loan Tr., Mortg. Pass-Through Certificates Servs. 2005-4*, 839 F. App'x 304, 306 (11th Cir. 2020) (internal citation omitted). *Younger* abstention has also been applied to § 1983 actions for damages. *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985). "Abstention under *Younger* is appropriate when: (1) the federal proceeding would interfere with ongoing state judicial proceedings; (2) the state proceedings implicate important state interests; and (3) the plaintiffs have an adequate state remedy available." *Shepherd*, 839 F. App'x at 306.  These are commonly referred to as the *Middlesex* factors. *See Middlesex*, 457 U.S. at 432.

### A. This action requests interference with the ongoing state judicial proceedings that are pending in the Hale County Circuit Court.

Here, Plaintiffs' claims arise from at least two judicial proceedings currently pending in the Circuit Court of Hale County, Alabama. *See Wilson v. Watford*, No. 36-CV-2023-000010 (Hale Cnty. Cir. Ct. filed Apr. 13, 2023) (wherein Wilson has raised claims of libel and slander against Watford arising from the dispute over the land in question) and *Watford v. Wilson, et al.*, No. 36-CV-2023-900038 (Hale Cnty. Cir. Ct. filed July 11, 2023) (wherein Watford seeks to quiet title to the land in dispute).  Plaintiff has requested this Court intervene to decide "the question of [whether Watford has] a legitimate deed or not, where the State of Alabama has failed to do so."  (*Id*. at PageID.92).  Accordingly, because this dispute arises from pending state judicial proceedings and directly requests this Court to intervene in those proceedings, the first *Middlesex* factor is met.

**B.     The state proceedings in the Hale County Circuit Court involve the important state interest of determining title to real property in Alabama.**

"The state has a legitimate interest in the validity of its judgments as well as an important state interest in determining disputes that affect title to [real] property [within its borders]." *Shepherd*, 839 F. App'x at 306 (finding that plaintiffs' attempt to prevent the foreclosure on a residential property in Florida and to quiet title thereto unduly interfered with the state's foreclosure proceedings). Because the state proceedings in Hale County that Plaintiffs take issue with similarly involve a dispute that affects title to real property in Alabama, those proceedings necessarily involve important state interests and thus meet the second *Middlesex* factor.

**C.     The state proceedings in Hale County Circuit Court presumptively afford Plaintiffs an adequate opportunity to raise the alleged constitutional issues.**

Federal courts "must assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Shepherd*, 839 F. App'x at 306 (citing *31 Foster Children*, 329 F.3d at 1279) (internal quotation marks omitted). "The plaintiffs bear the burden of overcoming this presumption by demonstrating that the state remedies are inadequate." *Shepherd*, 839 F. App'x at 306 (internal citation and quotation marks omitted). "Adequacy in this context is not about the quality of the state proceedings, but rather about whether the challenge *can be raised* in the pending state proceedings at all." *Leonard v. Alabama State Bd. of Pharmacy*, 61 F.4th 902, 908 (11th Cir. 2023) (citation, alterations, and quotation marks omitted) (emphasis in *Leonard*). "Simply put, generalized arguments about the inadequacy, inconvenience, or complexity of proceedings before a state tribunal will not do." *Id.* at 909. Additionally, "for

abstention purposes, whether a claim would likely be successful on the merits in the state court is not what matters." *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1551 (11th Cir. 1996). "Instead, what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts, from which a certiorari petition can be filed seeking review on the merits in the United States Supreme Court." *Leonard*, 61 F.4th at 909. (quoting *Pompey*, 95 F.3d at 1551) (emphasis in *Leonard*). "To demonstrate that claims are procedurally prevented in state tribunals, plaintiffs should provide evidence of state laws, rules, or procedures that would allow a district court to evaluate whether the plaintiff's federal claims will effectively be shut out from the judicial system and cut off from effective review in the courts." *Id.*

Plaintiffs have not demonstrated that the remedies provided by the ongoing state proceedings are inadequate, as they have not provided any evidence of Alabama laws, rules, or procedures demonstrating that they are procedurally prevented from raising their constitutional claims in the state cases. Instead, Plaintiffs have made multiple unsuccessful efforts, in addition to filing this action, to pursue relief beyond those proceedings because, among other issues, they are dissatisfied with the perceived lack of progress in the state cases. (*See* Doc. 9, PageID.103-105) (unsuccessfully seeking relief from an Assistant District Attorney for Hale County, the Hale County District Attorney, the Alabama Attorney General, and the Hale County Judiciary). However, Plaintiffs already acknowledge that "the central lynch-pin of [their] 3 Civil Cases is whether Elizabeth Watford has a legitimate deed [to the property] or a false deed." (*Id.* at PageID.91-92). Plaintiffs cannot now circumvent the ongoing state proceedings to advance their claim of ownership to the land in Hale County by alleging civil rights

violations related to the ongoing state proceedings. These ongoing state proceedings allow Plaintiffs to (1) raise their underlying ownership claims, and (2) contest the actions Defendants may have taken related to the adjudication of those claims. Unless and until Plaintiffs present "unambiguous authority to the contrary," *Shepherd*, 839 F. App'x at 306, the Court is bound to assume that the pending state proceedings will afford an adequate remedy, thereby meeting the third and final *Middlesex* factor, and requiring this Court to abstain from adjudicating Plaintiffs' claims under *Younger*.

### 4. Conclusion

For the reasons set forth above, it is **RECOMMENDED** that Defendants' Motions to Dismiss (Docs. 10, 12, and 15) be **GRANTED.** Defendant Watford's Motion to Strike (Doc. 10) is thereby **MOOT**. Accordingly, it is **RECOMMENDED** that Plaintiffs' complaint be **DISMISSED, with prejudice.**

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a

proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the **18th** day of **March, 2024.**

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**