IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA WILSON and LORENZO WILSON, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) CIV. ACT. NO. 2:23-cv-354-TFM-MU |
| SHEREE JOHNSON, *et al.*, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

On March 18, 2024, the Magistrate Judge issued a Report and Recommendation which recommends that Defendants' motion to dismiss (Docs. 10, 12, 15) be granted and the action dismissed with prejudice pursuant to the abstention doctrine under *Younger v. Harris*, 401 U.S. 37 (1971). *See* Doc. 28. Plaintiff Lorenzo Wilson filed objections and requested reconsideration. Doc. 29. No other parties filed objections nor did Defendants file a response to the objections raised by Mr. Wilson. The time frame has passed, and the issues are ripe for review.

The Court notes that most of the motions to dismiss are fairly minimalistic with the exception of the one filed by Defendants Sheree Johnson and Catrinna Perry. *Compare* Docs. 10 and 12 *with* Doc. 15. In fact, in the motions, the only party to outright assert abstention under *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny would be Defendants Johnson and Perry. Defendant Watford makes vague allusions to the claims being raised in the state court proceedings and request dismissal of the federal action. However, there is no reference to any caselaw. *See* Doc. 10. The motion does reference back to an original motion to dismiss (Doc. 6) so the Court also looked there but found no more enlightenment as to Defendant Watford's assertions. Instead, it simply states that the complaint should be dismissed, allowing the cases pending in state court

to proceed. Defendant John Ryan's motion is even more thin with its 2 pages of stating a failure to state a claim and lack of jurisdiction. *See* Doc. 12.

The Court will add to the Report and Recommendation regarding the vague assertions of lack of jurisdiction. To the extent Defendants are challenging jurisdiction under Fed. R. Civ. P. 12(b)(1) as a complete lack of jurisdiction, the vague argument is without merit. Plaintiffs clearly assert claims under 42 U.S.C. § 1983 for First, Fifth, and Fourteenth Amendment claims which falls under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction) over state law claims. This is clearly sufficient to invoke federal question jurisdiction as is not a question of whether those claims may ultimately be successful, but rather whether they are asserted – which they are. Therefore, to the extent the Defendants claim the Court lacks jurisdiction, the argument fails. Further, the Court need not look to diversity jurisdiction as discussed in Defendant Ryan's motion to dismiss since federal question jurisdiction exists.

That now leads the Court to the analysis in the Report and Recommendation regarding abstention.

The general rule is that a federal court has a "virtually unflagging obligation to exercise the jurisdiction given to them." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003). The *Younger* doctrine is "an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1251 (11th Cir. 2009) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)). While *Younger* involved state criminal proceedings, the Supreme Court subsequently determined that the abstention is "fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Therefore, abstention under *Younger* is

appropriate when: (1) the federal proceeding would interfere with ongoing state judicial proceedings; (2) the state proceedings implicate important state interests; and (3) the plaintiffs have an adequate state remedy available. *31 Foster Children*, 329 F.3d at 1274-75 (citing *Middlesex Cnty.*, 457 U.S. at 432). Courts must "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id*. at 1279 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)). "In addition, the Supreme Court has instructed that *Younger* only applies where the state proceeding at issue involves 'orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions . . . it has never been suggested that Younger requires abstention in deference to a state judicial proceeding reviewing legislative or executive action.'" *Green*, 463 F.3d at 1251 (citations omitted and emphasis in original).

When abstaining from exercising jurisdiction under *Younger*, "federal courts promote the value of comity between the states and the federal government and avoid unnecessary determinations of federal constitutional questions." *Liedel v. Juv. Ct. of Madison Cnty.*, 891 F.2d 1542, 1546 (11th Cir. 1990). Further, as noted by the Eleventh Circuit, the state court proceeding is considered "ongoing" if it was pending at the time the plaintiff filed the federal complaint. *Id*. at 1546 n.6; *see also Cormier v. Green*, 141 F. App'x 808, 813 (11th Cir. 2005) (stating *Younger* applied to the date the federal complaint was filed even though there was no longer a pending state proceeding at the time of the motion to dismiss).

The Court notes that even as of May 24, 2024, the two state court actions are still pending in Circuit Court for Hale County. Also, despite Plaintiff's objections, the Court concurs that *Younger* would apply here, and the Court should abstain from this dispute. However, the Court must disagree that the dismissal should be with prejudice. A dismissal under the *Younger*

abstention principle must be <u>without prejudice</u> because it does not operate as an adjudication on the merits, nor can it bar a future claim in the state court or even federal court depending on what is ultimately addressed in the state court. *See Smith v. Mercer*, 266 F. App'x 906 (11th Cir. 2008) (citing *Maymo-Melendez v. Alvarez-Ramirez*, 364 F.3d 27, 32 n. 4 (1st Cir. 2004)); *see also Caldwell v. Camp*, 594 F.2d 705, 708 (8th Cir. 1979) (noting that a with prejudice dismissal is incompatible with the purposes of the *Younger* abstention doctrine); *NTL, L.L.C. v. Pryor*, 128 F. Supp. 2d 1324, 1331 (N.D. Ga. 2001) ("[B]ecause a dismissal based on *Younger* abstention does not implicate a decision on the merits of Plaintiffs' constitutional claims, *see MTM, Inc. v. Baxley*, 420 U.S. 799, 804…(1975), the Court will dismiss the action without prejudice. *See Caldwell v. Camp*, 594 F.2d 705, 708 (8th Cir. 1979).").

Therefore, the Court modifies the dismissal of this case to be one without prejudice. Further, because only Defendants Sheree Johnson and Catrinna Perry explicitly raised the argument with legal support, the Court will only rule on their motion to dismiss (Doc. 15). This may be a distinction without a difference because the whole case still gets dismissed under the abstention doctrine as the state court cases still affect the entirety of this case. Yet, the Court feels it is important to make that distinction so that the remaining defendants are put on notice that the Court will not *sua sponte* raise nor expand upon vague arguments for them especially in a case where the filing fee has been paid and the case is not subject to screening under 28 U.S.C. § 1915.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the Recommendation to which objection is made, Plaintiff Lorenzo Wilson's objections (Doc. 29) are **OVERRULED,** and the Recommendation of the Magistrate Judge (Doc. 28) is **ADOPTED** as the opinion of this Court as modified herein. It is **ORDERED** that the *Motion to Dismiss of Defendants Sheree Johnson and*

*Catrinna Perry* (Doc. 15) is **GRANTED in part** as the Court finds that abstention is appropriate pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) and this case is **DISMISSED without prejudice**. The remaining motions are **DENIED as moot**.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 31st day of May, 2024.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE