## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **BARBARA WILSON and** | ) | |
| **LORENZO WILSON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CIV. ACT. NO. 2:23-cv-354-TFM-MU** |
| | ) | |
| **SHEREE JOHNSON,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff Lorenzo Wilson's Motion to Alter or Amend Judgment (Doc. 32, filed 7/1/24) which he raises pursuant to Fed. R. Civ. P. 59. Having reviewed the motion, the Court finds that no response is necessary prior to the issuance of this opinion.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1040, 128 S. Ct. 660, 169 L. Ed. 2d 511 (2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

Further, a motion under Rule 59 must be filed no later than 28 days after the entry of judgment. FED. R. CIV. P. 59(b). The judgment in this case was entered on May 31, 2024. *See* Docs. 30, 31. However, this motion was not received by the Court until July 1, 2024. The motion was dated and signed on on June 28, 2024 and placed in the possession of the United States Postal Service on the same date – as evidenced by the tracking history listed on the envelope. Documents

are typically deemed filed on the date they are received by the Court which in this case was July 1, 2024 at 12:39 pm according to USPS tracking and stamped by the Clerk's office at 1:24 pm. *See* Doc. 32. Unfortunately for Plaintiff, this makes it untimely despite the date he signed and mailed it because the "mailbox rule" does not apply to a *pro se* party who is not a prisoner or civilly committed to an institution. "The 'mailbox rule' allows a *pro se prisoner's* filings to be dated as of the date the prisoner delivers it to prison authorities or places it in the prison mail system." *Wells v. Cramer*, 262 F. App'x 184, 185-86 (11th Cir. 2008) (citing *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999)). "The prison mailbox rule is a procedural rule intended to put incarcerated *pro se* litigants on equal footing with other litigants and produce fairness for purposes of compliance with federal court filings." *Williams v. Russo*, 636 F. App'x 527, 531 (11th Cir. 2016).[1] "The mailbox rule only applies to (1) court filings (2) submitted by pro se prisoners." *Id.*; *see also Boatman v. Berreto*, 938 F.3d 1275, 1276 (11th Cir. 2019) (extending prison mailbox rule to civilly committed persons); *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule only applies to pro se inmates); *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002), *overruled on other grounds by McQuiggin v. Perkins*, 569 U.S. 383 (2013) (mailbox rule not applicable to represented inmates because counsel is capable of controlling the filing of pleadings); *Rutledge v. United States*, 230 F.3d 1041 (7th Cir. 2000) (holding that the mailbox rule is not available to a petitioner represented by counsel). Because Mr. Wilson is not incarcerated, the Court cannot give him the benefit of the mailbox rule. Therefore, his motion for reconsideration under Rule 59 is untimely.

---

[1] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

Yet, even if it were timely, the Court finds nothing in the Rule 59 motion for reconsideration that causes it to question its determinations in the prior opinion.  Further, the Court finds no manifest errors of law or fact.   Rather, the matters are all matters that were previously litigated or could have been raised previously.  Therefore, they are not entitled to relief pursuant to Fed. R. Civ. P. 59.  Accordingly, Plaintiff's motion for reconsideration (Doc. 32) is **DENIED** under Rule 59.

Though not specifically referenced, because he is *pro se*, the Court also considered the Plaintiff's motion as one brought under Fed. R. Civ. P. 60(b).  Rule 60(b) provides a party, on motion, relief from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that , with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6).  A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after the entry of judgment.  FED. R. CIV. P. 60(c)(1).  Even reviewing under Rule 60(b), the Court finds no basis to grant Plaintiff relief.  As such, the motion for reconsideration (Doc. 32) is **DENIED** even if considered under Rule 60.

**DONE** and **ORDERED** this 3rd day of July, 2024.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE